IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, #K-81482 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-cv-330-JPG |
| ) | |
| JASON FALLERT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff, an inmate currently in the Menard Correctional Center, filed the instant action while he was housed in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's original complaint, a portion of which is reviewed below, was filed on August 31, 2010, under Case Number 10-cv-689.  That complaint contained many unrelated claims brought against a number of Defendants.  On March 1, 2011, this Court informed Plaintiff that it would sever the unrelated claims in his complaint into new suits unless he dismissed those claims.  When Plaintiff failed to dismiss the claims, the Court severed them, which resulted in the instant action being opened before the Court on April 20, 2011 (*see* Doc. 1).

Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in this complaint are subject to dismissal.

**Facts:**

At an unspecified time or times, Plaintiff filed four separate grievances with Defendant Fallert, wherein Plaintiff "reported to him what was going on" at the prison.  These grievances were allegedly thrown away, indicating that Plaintiff received no response from the filing of any of the four documents.

**Discussion:**

Plaintiff claims that, because these grievances were "thrown away," his constitutional rights have been violated.  However, prison grievance procedures are not constitutionally mandated and thus do not implicate a constitutional violation per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d

763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Because the Constitution requires no procedure at all, the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff des not allege that Defendant Fallert was in any way involved in the conduct complained of in any of the four grievances. In short, Defendant Fallert's only alleged involvement with the grievances was in throwing them away. Even if this is true, and even where this is a violation of the prison's grievance procedure, it does not give rise to a constitutional violation. As a result, Plaintiff has failed to state a claim upon which relief can be granted, and this claim shall be dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED: December 14, 2011

           *s/J. Phil Gilbert*
           **United States District Judge**